684 So.2d 540 (1996)
STATE of Louisiana
v.
Edward DAVIS.
No. 96-K-1659.
Court of Appeal of Louisiana, Fourth Circuit.
November 27, 1996.
Writ Denied February 7, 1997.
Harry F. Connick, District Attorney, Parish of Orleans, Allison Monahan, Assistant District Attorney, Parish of Orleans, Seth Rutman, Law Clerk, New Orleans, for Relator.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
LANDRIEU, Judge.
The trial court granted Edward Davis's motion to suppress a tape recording of a conversation that he had with another defendant while they were seated in the back of a police car after having been placed in custody and Mirandized. We reverse the trial court's ruling and hold that the tape is admissible.
Davis argues that the taping, which was done without his knowledge, was a violation of his right to privacy as embodied in Article I, Section V of the Louisiana Constitution. We agree with Davis that the Louisiana Constitution affords greater protection for freedom from invasion than the Fourth Amendment of the United States Constitution does and that we, therefore, are not bound by federal jurisprudence.
However, the Louisiana Constitution only protects against unreasonable invasions of privacy. The basic test for determining whether a person's constitutional right to privacy has been violated is 1) whether there was a reasonable expectation of privacy and 2) whether society is ready to accept that expectation of privacy as reasonable. State v. McKinney, 93-1425 (La.App. 4th Cir. 5/17/94), 637 So.2d 1120, 1125-26.
In State v. Hussey, 469 So.2d 346 (La.App. 2d Cir.1985), two passengers were placed in the backseat of a police car to be driven to the police station because they and the driver were too intoxicated to move their vehicle off of the highway. A hidden tape recorder recorded their conversation during which they discussed stolen items that were in the vehicle they were driving. Based on the tape recording, the passengers were arrested and charged. The appellate court upheld denying the defendants' motion to suppress the tape recording because the defendants did not have a reasonable expectation of privacy while in the rear seat of the police car.
Davis had less of an expectation of privacy. He was not just a passenger in a police car, but had been placed under arrest and given his Miranda rights. Once arrested, the police car became Davis's temporary jail in which he had no reasonable expectation of privacy.
*541 Accordingly, the trial court is reversed and the defendants' motion to suppress the tape recording is denied.
WRIT APPLICATION GRANTED.