949 So.2d 544 (2007)
STATE of Louisiana
v.
Sidney ANDERSON.
No. 2006-KA-1031.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 2007.
Rehearing Denied February 15, 2007.
*546 Eddie J. Jordan, Jr., District Attorney, Anthony J. Ibert, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Frank G. DeSalvo, Robert P. Blackburn, Desalvo Desalvo & Blackburn, APLC. New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO JR.).
EDWIN A. LOMBARD, Judge.
The State charged Sidney Anderson with one count of possession of cocaine with intent to distribute, a violation of La.Rev.Stat. 40:967(A), and one count of possession of marijuana with the intent to distribute, a violation of La.Rev.Stat. 40:966(A). After the trial court heard and denied the defendant's motion to suppress the evidence, the defendant pleaded guilty as charged, reserving his right to appeal the court's adverse ruling on the suppression issue in accordance with State v. Crosby, 338 So.2d 584 (La.1976). The court sentenced the defendant to five years of imprisonment on each count, to be served concurrently, with the added provision that, as to count one, the first two years must be served without the benefit of probation, parole, or suspension of sentence. After reviewing the record in light of the applicable law and arguments of the parties, we find no error in the trial court judgment denying the defendant's motion to suppress.
Burden of Proof and Standard of Review
The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S Const. Amend. IV. Similarly, the Louisiana Constitution provides that "[e]very person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." La. Const.art. I § 5. Accordingly, where, as in this case, evidence is seized without a warrant as required by the federal and state constitutions, the burden is on the State to show that a search is justified by some exception to the warrant requirement. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); State v. Tatum, 466 So.2d 29 (La.1985); State v. Pomes, 376 So.2d 133 (1979). Trial courts are vested with great discretion when ruling on a motion to suppress and, consequently, the ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of that discretion. State v. Long, 2003-2592, p. 5 (La.9/9/04), 884 So.2d 1176, 1179 (citations omitted); State v. Oliver, 99-1585, p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914 (trial court vested with great discretion when ruling on a motion to suppress). The district court's findings of fact on a motion to suppress are reviewed under a clearly erroneous standard and the district court's ultimate determination of Fourth Amendment reasonableness is reviewed de novo. State v. Pham, 2001-2199 (La.App.1/22/03), 839 So.2d 214, 218. Accordingly, "on mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo." Id. (citation omitted). "Where the facts are not in dispute, the reviewing court must consider whether the trial court came to the proper legal determination under the undisputed facts." Id. (citation omitted).
Relevant Facts
Detective Harry Stovall of the New Orleans Police Department ("NOPD") narcotics *547 division testified at the motion hearing that, on February 10, 2005, he set up surveillance in the 700 block of St. James based upon an anonymous tip to the narcotics hotline that a person was selling crack cocaine from a truck on a vacant lot. The tipster described the person who was selling cocaine and gave an exact location of the truck where the narcotics were stored.
Detective Stovall testified that, as soon as he set up the surveillance, he saw the defendant, who met the description provided by the tipster. He also saw a truck parked on a lot at 731 St. James Street and saw the defendant entering and exiting the truck. The detective advised other officers of his observations and waited for them to come into the area to assist with further investigation. Before the other officers arrived, however, Detective Stovall saw the defendant engaging in what appeared to be several narcotics transactions. In each one, the defendant met an individual, received currency, walked onto the lot, entered the truck, returned to the individual, and handed him or her an object. Because no back-up officers were available, the suspected buyers were not stopped. After the assisting units took up positions, Detective Stovall waited a few minutes but saw no more transactions. Rather than wait any longer, the detective directed the back-up officers to stop the defendant and search the truck. They did as requested, and in a search of the truck, crack cocaine and marijuana were found under a floor mat. Detective Stovall abandoned his surveillance position and formally arrested the defendant.
On cross-examination, Detective Stovall stated that he made no investigation into the ownership of the property prior to setting up the surveillance. As to the description of the lot, Detective Stovall testified that it was a vacant lot with a fence in front but that the fence was not high enough to totally obscure the tractor-trailer, and therefore he was able to see when the defendant opened and closed the door. He further testified that he could see the defendant enter the truck from the passenger door after accepting currency from individuals. Detective Stovall admitted that he made no record of how many apparent hand-to-hand transactions he observed, nor did he record any descriptions of the buyers in his police report. Detective Stovall could not recall whether the fence was made of wood or metal, but he did recall that the fence was unlocked.
Detective Regina Barr also testified at the hearing, stating that she participated in the defendant's arrest as part of the back-up unit. Based on the directions of Detective Stovall, she and her partner together with other officers detained the defendant. She then entered the truck, searched it, and found cocaine and marijuana under the floor mat.
The defendant presented no witnesses or evidence in support of his motion to suppress the evidence. The motion hearing transcript indicates that the trial court denied the motion to suppress, stating that it found probable cause for a search and exigent circumstances under the automobile exception to the warrant requirement.
Discussion
In his sole assignment of error, the defendant/appellant argues that the trial court erred when it denied his motion to suppress the evidence. The appellant argues that the automobile exception should not apply to a tractor-trailer sitting behind a fence on a vacant lot, which was owned by the defendant and his family, under circumstances where there was no danger of the evidence being destroyed if the police first obtained a warrant.
Although a warrant is generally required prior to conducting a search, California *548 v. Carney, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), the "automobile exception" to this requirement is well-established. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Pursuant to the "automobile exception", there is no separate exigency requirement if there is probable cause to search a vehicle. U.S. v. Ross, 456 U.S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); see Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more."); see also State v. Thompson, XXXX-XXXX (La.4/9/03), 842 So.2d 330 (if a vehicle is readily mobile, there is no difference between seizing the car while obtaining a search warrant and immediately searching the vehicle without a warrant). Thus, if there is probable cause to search and the vehicle is readily mobile, even if stationary at the time the search proceeded, any evidence will be considered constitutionally seized.
The defendant/appellant does not contest that the officers had probable cause to believe that there was contraband in the tractor-trailer, but argues that there was no chance that anything could happen to the evidence in the truck given that there were many officers available to secure it and the defendant was already detained. He further suggests that the tractor-trailer was not "readily mobile" because it was not located on a city street, but rather was "stored" on a lot surrounded by a fence which was equipped with a "locking mechanism". The appellant cites State v. Corzo, XXXX-XXXX (La.11/8/02), 831 So.2d 904, in which the court in a per curiam opinion found that a warrantless search of a vehicle was proper because there was probable cause and, additionally, "exigent circumstances arising from the detention of the vehicle on the open road excused the lack of a warrant." Id., p. 1, 831 So.2d at 905. The appellant argues that the reference in Corzo to the vehicle being on an open road means that there were no exigent circumstances in this case where the vehicle was not on an open road.
The defendant/appellant misapprehends the Corzo dicta. In Pennsylvania v. Labron, 518 U.S. at 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996), cited in Corzo, the court upheld the warrantless search of a vehicle parked in the driveway of a farmhouse and reversed the ruling of the Supreme Court of Pennsylvania, which had found the automobile exception did not apply because the officers had time to obtain warrants, stating:
The Supreme Court of Pennsylvania held the rule permitting warrantless searches of automobiles is limited to cases where unforeseen circumstances involving the search of an automobile are coupled with the presence of probable cause. This was incorrect. Our first cases establishing the automobile exception to the Fourth Amendment's warrant requirement were based on the automobile's "ready mobility," an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear. More recent cases provide a further justification: the individual's reduced expectation of privacy in an automobile, owing to its pervasive regulation. If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more.
Pennsylvania v. Labron, 518 U.S. at 940, 116 S.Ct. 2485 (internal citations and quotation marks deleted). Accordingly, it does not appear that the mere reference to an open road in Corzo was meant as a limitation on the automobile exception to the warrant requirement.
*549 Moreover, although the appellant refers to an immobilized tractor-trailer in this case, there is nothing in the record to indicate that the vehicle was not readily mobile. Detective Stovall repeatedly referred to a truck, not a trailer. At one point he did refer to the vehicle as a "tractor-trailer" noting that it had been "backed into this lot." The fence in front of the lot was not locked and apparently was easily opened in light of the detective's testimony that the defendant repeatedly entered the lot. Because the vehicle was backed in, it presumably could be pulled out of the lot and driven away. Overall, it appears that, like the truck parked in a driveway in the Labron case, the vehicle was still "readily mobile" even if not parked on a public thoroughfare at the time of the search.
Conclusion
We find no error in the trial court's factual findings and legal conclusions and, accordingly, do not find that the trial court abused its discretion in the denying the defendant's motion to suppress the evidence. The defendant/appellant's conviction and sentence are affirmed.
AFFIRMED.
JONES, J., concurs with reasons.
JONES, J., Concurring.
While I concur in the result, I write separately solely to emphasize the critical role and credibility our system places in the importance of testimony of law enforcement officers.
The only evidence justifying the violation of Anderson's Fourth Amendment rights comes from the testimony of Detective Stovall. There is no other testimony which corroborates the basis of the warrantless search. No other officer testifies that he nor she either witnessed purported drug transactions, or stopped and searched an individual after an alleged drug transaction in this case, nor did the confidential informant corroborate the testimony of Detective Stovall.
Yet, I agree with the majority herein that the district court did not error in finding that the warrantless search met Constitutional muster. However, I caution, that this case clearly and unequivocally exemplifies why the testimony of peace officers at all times must be above reproach. There can never be a loss of confidence by the criminal justice system in the sworn testimony of law enforcement officers. The damage to the system when that credibility is called into question is far too detrimental to the legal system to contemplate.