PATRICIA RIVET MURRAY, Judge.
liOn December 14, 2009, the defendant, Demond Taylor, then an eighteen year old high school student,[1] and other students were caught in a school bathroom smoking cigarettes. Recovery School District Officer Murphy Laiche searched Mr. Taylor. As part of the search, Officer Laiche required Mr. Taylor to remove his shoes so that they could be searched. Inside Mr. Taylor’s shoes Office Laiche found narcotics — alprazolam and marijuana. Mr. Taylor was arrested and charged in two separate cases: a felony case for possession of alprazolam; and a misdemeanor case for possession of marijuana, first offense. In both cases Mr. Taylor filed a motion to suppress.
On March 1, 2010, the trial court held a single motion to suppress hearing and granted both motions to suppress. On April 29, 2010, this court denied the State’s writ application seeking review of that ruling. State v. Taylor, 10-0451, unpub. (La.App. 4 Cir. 4/29/10) (J. Tobias dissenting). On June 25, 2010, the Louisiana Supreme Court granted the State’s writ application, vacated the trial l2court’s ruling, and remanded for reconsideration of the motions to suppress. State v. Taylor, 10-1107 (La.6/25/10), 38 So.3d 360. In so doing, the Supreme Court instructed the trial court to reconsider the motions under the standard enunciated in New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985).
*924 In T.L.O., the Supreme Court addressed the warrantless search of a high school student’s purse[2] and concluded that in the school setting a modification of the degree of suspicion required to justify a search was warranted. T.L.O., 469 U.S. at 340, 105 S.Ct. 733. The Supreme Court held that for a search by a school official “a careful balancing of governmental and private interests suggests that the public interest is best served by a Fourth Amendment standard of reasonableness that stops short of probable cause,” Id. at 341, 105 S.Ct. 733. Simply put, “the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search.” Id. The Supreme Court enunciated a two-prong test for determining whether a school official’s search of a student was reasonable under all the circumstances. First, from its inception the search must be justified— “there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school.” T.L.O., 469 U.S. at 342, 105 S.Ct. 733. Second, the scope of the search must be reasonable — “the measures adopted are reasonably related to the objectives of the search and |3not excessively intrusive in light of the age and sex of the student and the nature of the infraction.” Id.
On July 30, 2010, the trial court, applying the T.L.O. standard, again granted Mr. Taylor’s motions to suppress. The trial court concluded under the specific record in this matter that the search was not reasonable. The trial court reasoned that the search of Mr. Taylor’s shoes in which drugs were found was excessive and unwarranted. The trial court distinguished this case from T.L.O. as to the nature of the infraction, noting that “the defendant was discovered to be smoking a cigarette on school property and his shoes were removed in order to facilitate a search for cigarettes.” The trial court determined that it was “an impossibility for a person to store cigarettes in a shoe being wor[n] and then to later smoke those same cigarettes.” The trial court thus found the search was in violation of both T.L.O. and Safford Unified School Dist. No. 1 v. Redding, — U.S.-, 129 S.Ct. 2633, 2639, 174 L.Ed.2d 354 (2009).[3] The trial court *925 expressly noted that “[n]o other evidence was presented to the Trial Court which would warrant the removal of the defendant’s Ushoes and validate the search.” From that ruling, the State filed the instant writ application.
The issue presented is whether the officer who searched Mr. Taylor (Officer Laiche) had reasonable grounds for suspecting that a search of his shoes would reveal evidence that he was violating the school rules — either possessing cigarettes, smoking cigarettes, or both — and whether the search was reasonable in its scope and not excessively intrusive in light of the student’s age and sex and the nature of the infraction. T.L.O., supra. The trial court was provided with no evidence regarding the circumstances leading to the search or the nature of the search itself, beyond the bare facts. Officer Laiche never testified before the trial court. Although the arresting New Orleans Police Department officer testified, he did not provide any pertinent information except where the contraband was found and the nature of the original infraction.
Officer Laiche was apparently searching for cigarettes in Mr. Taylor’s shoes, an unlikely place to conceal a legal substance, at least in the trial court’s opinion.[4] It is unclear from the record whether it is an infraction of the school rules to possess cigarettes on school property or only to smoke cigarettes. It is unknown if Mr. Taylor denied that he smoked or only denied being in possession of additional cigarettes. It is unknown whether any of the other students caught smoking in the restroom either admitted supplying the cigarettes to Mr. Taylor or possessed any. It is unknown whether the other students reported that Mr. Taylor supplied the | .^cigarettes that they were smoking. There is no testimony from Officer Laiche explaining that students are routinely caught hiding cigarettes in their shoes. There is no testimony or evidence indicating whether Officer Laiche searched the remainder of Mr. Taylor’s clothing or forced him to empty his pockets before ordering him to remove his shoes. Given all the unknown facts, it is difficult to evaluate the reasonableness of Officer Laiche’s actions under the particular circumstances of this case.
The State had the burden of proving that the warrantless search was reasonable. The gist of the State’s argument is that a search of the outer clothing— including the shoes — of a student is always reasonable, considering that such a limited intrusion was rather summarily found reasonable in Redding. The State distinguishes a search of a student’s shoes from the strip search of a thirteen-year old girl found unreasonable and thus unconstitutional in the Redding case. We decline to hold, as the State suggests, that a search of a student’s shoes is always reasonable whenever the student is found to be violating a school rule against smoking. Rather, we find it necessary to examine the facts of the particular case to make the determination of whether the T.L.O. standard was *926 satisfied. Arguably, being forced to remove one’s shoes is not very intrusive in the present times when one cannot board an airplane without doing so. If that were the extent of the search and if Officer Laiche had testified and articulated his basis for the search, the search may have been reasonable under the T.L.O. standard. However, on remand, the State failed to present Officer Laiche’s testimony.
| ^Applying the appropriate T.L.O. standard and considering the lack of evidence submitted by the State, the trial court found that the search of Mr. Taylor’s shoes was not reasonable. A trial court’s findings of fact on a motion to suppress are reviewed under a clearly erroneous standard, and its ultimate determination of Fourth Amendment reasonableness is reviewed de novo. State v. Anderson, 06-1031, p. 2 (La.App. 4 Cir. 1/17/07), 949 So.2d 544, 546, writ denied, 07-0468 (La.10/12/07), 965 So.2d 399 (citing State v. Pham, 01-2199, p. 3 (La.App. 4 Cir. 1/22/03), 839 So.2d 214, 218). On the record before this court, we cannot conclude the trial court erred in ruling that that the State failed to satisfy its burden of proving that this warrantless search was reasonable.
WRIT DENIED.
BONIN, J., dissents and assigns reasons.

. The docket master reflects that Mr. Taylor's date of birth is May 13, 1991. The date of the incident was December 14, 2009. Thus, he was eighteen years old at the time; and he could legally buy and possess cigarettes.

. The facts in T.L.O. were as follows. A teacher found T.L.O., a female student, and another student smoking cigarettes in a school bathroom. Smoking cigarettes was a violation of a school rule. The teacher escorted the two students to the office of the assistant vice principal, who questioned them. T.L.O. denied having smoked. Doubting this statement, the assistant vice principal opened T.L.O.'s purse to search for cigarettes. He immediately saw a pack of cigarettes and a package of rolling papers. Associating the rolling papers with the use of marijuana, he thoroughly searched her purse and found, among other things, marijuana. Delinquency charges were brought against T.L.O.

. In Redding, the Supreme Court addressed the scope prong of the T.L.O. test and found a search of a student’s locker and outer clothing was reasonable, but a strip search of the female student was not. The incident began when a middle school assistant principal received a report that a student gave pills to other students. The assistant principal called the student into the office and searched her backpack but found no pills. The student was then escorted to the school nurse's office where she was required to remove her outer clothing and then, as part of the search, was directed to pull out her bra to the side and shake it; she was also directed to pull out the elastic on her underwear. No pills were ever found in the student’s possession. The Supreme Court found that the assistant principal had justification to search the student’s backpack and outer clothing because of the report that the student had given pills to another student. The court opined that ”[i]f a student is reasonably suspected of giving out contraband pills, she is reasonably suspected of carrying them on her person and in the carryall [backpack] that has become an item of student uniform in most places today.” Redding, *925 -U.S. at-, 129 S.Ct. at 2641. However, the court found that the extension of the search to the student’s undergarments was improper because there was no "indication of danger to the students from the power of the drugs or their quantity," and there was no reason to believe the student "was carrying pills in her underwear.” Id. at -, 129 S.Ct. at 2642-43. The Court emphasized that such a search was so intrusive that it required "its own specific suspicions.” Id. at-, 129 S.Ct. at 2643.

. In this respect, this case is distinguishable from T.L.O. in that the search of T.L.O.’s purse was likely to reveal cigarettes if she possessed them; a purse would be the likely place to keep them.