MADELEINE M. LANDRIEU, Judge.
Darryl Anderson appeals the trial court’s denial of his motion to suppress a taped conversation between himself and Jermaine L. Lea, a co-defendant, which was recorded while he and Mr. Lea were detained in the back of a police car. For the reasons that follow, we affirm the ruling of the trial court.
STATEMENT OF THE CASE
Mr. Anderson was charged by bill of information on August 7, 2012 with conspiracy to obstruct justice by tampering with evidence. On September 4, 2012, Mr. Anderson filed a motion to suppress the recorded conversation between himself and Mr. Lea. The trial court denied the motion to suppress, providing oral reasons for his ruling on March 1, 2013. On May 21, 2013, Mr. Anderson entered a guilty plea and preserved his right [under State v. Crosby, 338 So.2d 584 (La.1976) ] to appeal the adverse ruling on the motion to suppress. The trial court sentenced Mr. Anderson to two years imprisonment, suspended, and two years active probation. Mr. Anderson appeals the trial court’s denial of his motion to suppress the evidence.
| .FACTS
On June 15, 2012, New Orleans Police Department Detective Kyle Hinrichs obtained a search warrant for 2103 Baronne Street, Apartment 1, in New Orleans, Louisiana. Det. Hinrichs testified that prior to obtaining the search warrant, he had worked with a confidential informant and had arranged a controlled drug transaction between Mr. Lea and the informant.
Det. Hinrichs planned to execute the search warrant on the evening of June 20, 2012. In connection with that effort, Detective Evan Cox began surveillance of the Baronne Street location in order to detain Mr. Lea outside of the apartment prior to the execution of the warrant. Roughly twenty minutes into the surveillance, Sergeant Manuel Castellón observed Mr. Lea driving downtown on Oretha Castle Haley Boulevard. Sgt. Castellón began following Mr. Lea and notified the other officers. Det. Hinrichs and the other officers then left the Baronne Street location to assist Sgt. Castellón.
While stopped next to Mr. Lea at a red light at the intersection of Oretha Castle Haley Boulevard and Calliope Street, Sgt. Castellón observed Mr. Lea look in his direction and then make a phone call. When the light turned green, Sgt. Castel-lón activated his lights and siren signaling Mr. Lea to stop. Det. Hinrichs testified that the officers suspected Mr. Lea was calling to notify someone of the search warrant. Mr. Lea was detained in the back of Sgt. Castellon’s police unit and driven to the Baronne Street location.
|3On the way to Baronne Street, Det. Hinrichs was notified by Det. Cox that an unknown individual, later identified as Mr. Anderson, had arrived at the apartment complex that was the subject of their surveillance and had gone inside hurriedly. Det. Hinrichs then entered the apartment to execute the warrant. Inside the apartment Det. Hinrichs found Mr. Anderson, a woman, and two children. Mr. Anderson was coming from the direction of the bathroom. The toilet in that bathroom was running as if it had just been flushed. Det. Hinrichs placed Mr. Anderson in handcuffs and advised him of his Miranda rights. He then frisked Mr. Anderson, *277 which resulted in the discovery of $2,000 in cash. Mr. Anderson stated to one of the detectives that the woman in the house, Ms. Felicia Lampton, had given him the money. Mr. Anderson was then placed in the back of the same police car in which Mr. Lea was being detained.
While in the back of a police car, Mr. Lea and Mr. Anderson engaged in a conversation, which was recorded. The recording revealed that Ms. Lampton had retrieved the crack cocaine from a soap box and, at Mr. Lea’s direction, had given it to Mr. Anderson to flush down the toilet. Mr. Anderson and Mr. Lea were the only ones in the police car at the time of their conversation. There is no evidence in the record that police officers purposefully placed the men in the car together to surreptitiously record any conversation they might have. Mr. Anderson, Mr. Lea, and Ms. Lampton were arrested for obstruction of justice.
ERRORS PATENT
A review of the record reveals no errors patent.
14ASSIGNMENT OF ERROR
In his sole assignment of error, Mr. Anderson asserts that the trial court abused its discretion in denying his motion to suppress the taped conversation and/or statements of Mr. Lea recorded while the he and Mr. Anderson were detained in the police car.
STANDARD OF REVIEW
The trial court has great discretion when ruling on a motion to suppress, and its ruling will not be disturbed absent an abuse of that discretion. State v. Anderson, 2006-1031, p. 2 (La.App. 4 Cir. 1/17/07), 949 So.2d 544, 546. Where the facts are not in dispute, the reviewing court must consider whether the trial court came to the proper legal determination under the undisputed facts. Id.
DISCUSSION
Mr. Anderson argues that Mr. Lea was unlawfully detained, and that, therefore, the recorded conversation between himself and Mr. Lea should have been suppressed as a fruit of the illegal detention. He suggests that the justification for Mr. Lea’s detention as incident to the execution of the search warrant is not valid given the circumstances presented here. In support of his argument, Mr. Anderson relies upon Bailey v. United States, in which the Supreme Court held:
Detentions incident to the execution of a search warrant are reasonable under the Fourth Amendment because the limited intrusion on personal liberty is outweighed by the special law enforcement interests at stake. Once an individual has left the immediate vicinity of the premises to be searched, however, detentions must be justified by 15some other rationale.
586 U.S.-, 138 S.Ct. 1031, 1042-43, 185 L.Ed.2d 19 (2013).
In Bailey, the police obtained a warrant to search an apartment for a handgun that had been observed by a confidential informant while the informant was at the apartment to purchase drugs. The police conducted surveillance at the location and observed Mr. Bailey and another person leave the apartment and drive away in a car. Detectives followed and stopped them approximately one mile from the target location. Mr. Bailey was arrested and charged under federal law with possession of cocaine with intent to distribute, possession of a firearm by a felon, and possession of a firearm in furtherance of a drug-trafficking offense.
The federal district court denied Mr. Bailey’s motion to suppress the apartment key seized from him pursuant to his arrest. After a jury trial, Mr. Bailey was found *278 guilty on all three counts. The Second Circuit Court of Appeal affirmed Mr. Bailey’s conviction. The United States Supreme Court reversed the conviction after finding that the detention of an individual incident to the execution of a search warrant is lawful when the individual is in the immediate vicinity of the premises to be searched, which Mr. Bailey was not.
Mr. Anderson argues that his case is analogous to Bailey because Mr. Lea was arrested ten blocks from the target location and subsequently detained in a police car without probable cause. We disagree. In Bailey, unlike in the present case, there was no independent probable cause to arrest Mr. Bailey. The officers in Bailey had knowledge of a gun in an apartment based on information from a | ficonfidentiaI informant. They had not previously observed Mr. Bailey in possession of the firearm and had not previously observed Mr. Bailey engage in any unlawful conduct. In the instant case, officers had independent probable cause to arrest Mr. Lea because they had reliable information that he had engaged in a drug transaction with a confidential informant. We find, considering the facts of his ease, that the detention of Mr. Lea was lawful because the officers had probable cause to arrest based on the previous controlled purchase conducted by Det. Hinrichs.
“Probable cause exists when the facts and circumstances within the arresting officer’s knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense.” Gibson v. State, 1999-1730, p. 7 (La.4/11/00), 758 So.2d 782, 788. Det. Hinrichs testified at the hearing on the motion to suppress that the search warrant was obtained after he conducted a controlled substance purchase between a confidential informant and Mr. Lea at 2103 Baronne Street. Det. Hinrichs said that although Mr. Lea did not violate any law while he was driving his vehicle, he was stopped because he was recognized as the target of the search warrant. Det. Hin-richs had probable cause to believe that Mr. Lea distributed narcotics based on a prior drug exchange and investigation into Mr. Lea.[1] Accordingly, Mr. Lea’s detention was justified. Thus, the statements 17made in the taped conversation between Mr. Anderson and Mr. Lea in the back of the police vehicle were not obtained as a result of an illegal seizure. The motion to suppress was properly denied.
Irrespective of the lawfulness of Mr. Lea’s detention, Mr. Anderson’s argument would fail because Mr. Anderson did not have a reasonable expectation of privacy in the police car. In State v. Davis, this Court ruled that a recorded conversation between the defendant and a co-defendant while detained in a police car was admissible, explaining “[Defendant] had less of an expectation of privacy. He was not just a passenger in a police car, but had been placed under arrest and given his Miranda rights. Once arrested, the police car became [defendant's temporary jail in which he had no reasonable expectation of privacy.” 96-1659, p. 3 (La.App. 4 Cir. 11/27/96), 684 So.2d 540, 540. Here, Mr. Anderson, after being arrested, Miran-dized, and placed in the police car, had a voluntary conversation with Mr. Lea. There was no error by the trial court in denying the motion to suppress.
*279 CONCLUSION
For the reasons stated above, we affirm the ruling of the trial court.
AFFIRMED.
BONIN, J., Concurs with Additional Reasons.

. The search warrant was introduced as evidence in the motion hearing, but is absent from this record. At the motion hearing, the trial judge did not allow questions into the details of the prior investigation of Mr. Lea. There is little in the record, besides the controlled purchase, detailing Mr. Lea’s prior drug-related activities.