Judge TERRI F. LOVE.
hThe State seeks review of the trial court’s October 1.6, 2015 ruling which found no probable cause for possession of cocaine and suppressed the evidence of cocaine retrieved from the vehicle, in State v. Anderson, this Court stated:
Trial courts are vested with great discretion when ruling on a motion tó suppress and, consequently, the ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of that discretion. State v. Long, 2003-2592, p. 5 (La.9/9/04), 884 So.2d 1176, 1179 (citations omitted); State v. Oliver, 99-1585, p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914 (trial court vested with great discretion when ruling on a motion to suppress). The district court’s findings of fact on a motion to suppress are reviewed under a clearly erroneous standard and the district court’s ultimate determination of Fourth Amendment reasonableness is reviewed de novo. State v. Pham, 2001-2199 (La. App.1/22/03), 839 So.2d 214, 218. Accordingly, “on mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo.” Id. (citation omitted). “Where the facts are not in dispute, the reviewing court must consider whether the trial court came to the proper legal determination under the undisputed facts.” Id. (citation omitted).
Id., 06-1031, p. 2 (La.App. 4 Cir. 1/17/07), 949 So.2d 544, 546.
In Arizona v. Gant, the Court held that the search incidental to arrest exception to the warrant requirement does not extend to the interior of a car from which the defendant exited if there was no possibility that the defendant could reach anything in the passenger compartment at the time of the search. 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). However, the Court stated “that circumstances unique 12to the vehicle context justify a search incident to a lawful arrest when it is ‘reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.’ ” Id., 556 U.S. at 343, 129 S.Ct. at 1719 (internal citations omitted) (emphasis added).
In the instant case, the State avers that officer’s warrantless search of the vehicle was justified because he had probable cause to believe- the vehicle contained evidence of the offense of arrest, namely possession of marijuana and oxycodone. The officer testified that as he approached he detected the odor- of marijuana emanating from the vehicle. At the driver’s side window, the officer observed in plain view in the center console two' burned cigars that he believed contained marijuana and two white pills. Mr. Myles and Mr. Washington were then removed from the vehicle, handcuffed and detained.' "
Based on the officer’s observations during the traffic stop, the trial court concluded that the officer was justified in entering the vehicle, but only to retrieve the contraband for which he was placing Mr. Myles *692 and Mr. Washington under arrest. The officer testified that after removing the evidence from the center console he! did not “see anything else in the car that [was] contraband.” The State also failed to introduce any evidence to suggest that the officer reasonably believed the car contained additional evidence of contraband.
Moreover, the evidence presented at the suppression hearing contradicted the officer’s testimony and the alleged basis for the warrantless search. The officer admitted on cross-examination that the smell of marijuana and the smell of mojó "are distinctly' different. The lab tests conducted at the station indicated that the two cigars retrieved from the vehicle did not contain marijuana. Likewise, the officer testified that no marijuana was ever retrieved from the vehicle.
|8 Where conflicting testimony is offered at a Suppression hearing, credibility determinations are within the trial court’s sound discretion, and will not be disturbed unless clearly contrary to the evidence. State v. Gradley, 97-0641, p. 9-10 (La.5/19/98), 745 So.2d 1160, 1166 (citing State v. Vessell, 450, So.2d 938, 943 (La.1984)). Given the surrounding facts and circumstances, the trial court reasoned that the officer’s testimony as to his subjective observations of smelling of marijuana was relevant and probative on the issue of probable cause and suppression of the evidence. However, the officer did not testify to facts or circumstances that would justify searching the vehicle, outside of retrieving the contraband observed in plain view. Likewise, the defendants were handcuffed and detained away from the passenger compartment of the vehicle at the time of the search. Further the officer at no time articulated any reason to believe that either defendant posed a threat to.the officer’s safety.
■ Therefore, we find the trial court did not abuse its-discretion when it concluded that the officer was not justified in' extending the scope of his search of the véhiele to the passenger side door compartment absent a search warrant. Accordingly, the State’s application for supervisory review is denied.
WRIT DENIED
JENKINS, J.,_ dissents and assigns reasons.