STATE OF LOUISIANA      \*      NO. 2023-K-0313

VERSUS      \*

     COURT OF APPEAL

FLOYD FALKINS      \*

     FOURTH CIRCUIT

     \*

     STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 555-516, SECTION "DIVISION L"
Judge Angel Harris,
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Rachael D. Johnson)


Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
CHIEF OF APPEALS
619 South White Street
New Orleans, Louisiana 70119


        COUNSEL FOR RELATOR/STATE OF LOUISIANA


**WRIT GRANTED; JUDGMENT REVERSED**

**JUNE 28, 2023**

DLD
RLB
RDJ
Relator, State of Louisiana, seeks review of the trial court's April 20, 2023 ruling granting Defendant's Motion to Suppress Evidence. For the foregoing reasons, we grant Relator's writ.

## STATEMENT OF THE CASE

The matter originated from a 911 call wherein the caller provided a description of a suspect threatening employees and likely carrying a firearm at a convenience store/gas station. Police arrived at the scene and attempted to detain Defendant, as he met the description provided in the 911 call. Defendant forcibly resisted and four (4) officers were required to detain and handcuff Defendant. During the struggle, and prior to handcuffing Defendant, the officers removed a cross-body bag from Defendant. Body-camera footage shows Defendant attempting to retrieve something from the bag prior to officers gaining possession. As the officers extracted the bag from Defendant's possession, an officer is heard stating "I have the gun," although officers did not open the bag and view the firearm until after Defendant had been cuffed and the bag had been taken out of his reach.

1

On Defendant's Motion to Suppress Evidence, the trial court found that the gun had been impermissibly seized pursuant to an illegal search of Defendant's bag. As such, the trial court granted Defendant's Motion and excluded the weapon as a "fruit of the poisonous tree." The State timely filed a writ to this Court for review of this ruling.

## STANDARD OF REVIEW

A "district court's findings of fact on a motion to suppress are reviewed under a clearly erroneous standard and the district court's ultimate determination of Fourth Amendment reasonableness is reviewed *de novo.*" *State v. Anderson*, 2006-1031, p. 2 (La. App. 4 Cir. 1/17/07), 949 So. 2d 544, 546 (quoting *State v. Pham*, 2001-2199, p. 3 (La. App. 4 Cir. 1/22/03), 839 So.2d 214, 218). "Accordingly, on mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts *de novo.*" *Id.*

## DISCUSSION

In suppressing the evidence, the trial court found the original detention of the Defendant was an arrest and the evidence was impermissibly seized pursuant to an arrest for which the officers had no probable cause. We feel the trial court's ruling was clearly erroneous. There was probable cause for the detention and subsequent arrest of the defendant. The call to 911 indicated the defendant was acting unruly as he had done on a previous occasion and claimed that he had a weapon. Upon approaching defendant, the officers experienced the defendant becoming defensive and combative and therefore sought to handcuff him for protective reasons. At this point the defendant fought off the handcuffs and bit one of the officers. A search incident to defendant's arrest revealed the gun.

2

The initial detention of the Defendant was based upon a reasonable suspicion, and the use of handcuffs was justified to protect the officers and bystanders. Further, the detention of the Defendant and use of handcuffs was proper. See *Terry v. Ohio*, 392 U.S. 1; 88 S.Ct. 1868; 20 L.Ed.2d 889 (1968). In accordance with *Nix v. Williams*, 467 U.S. 431; 104 S.Ct. 2501; 81 L.Ed.2d 377 (1984), the evidence is admissible under the doctrine of inevitable discovery, as it would have been found after his arrest and booking.

For these reasons, we reverse the ruling of the trial court.

**WRIT GRANTED; JUDGMENT REVERSED.**