| STATE OF LOUISIANA | * | NO. 2024-KA-0642 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| KEYHAID J. MCGEE | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 553-161, SECTION "C"
HONORABLE BENEDICT J. WILLARD

* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Rachael D. Johnson, Judge Karen K. Herman, Judge Nakisha Ervin-Knott)

Jason R. Williams
ORLEANS PARISH DISTRICT ATTORNEY
Brad Scott
Thomas Frederick
ASSISTANT DISTRICT ATTORNEYS
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLEE


Christopher J. Murell
Meghan K. Matt
MURELL LAW FIRM
2831 St. Claude Ave
New Orleans, LA 70117

      COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**AUGUST 27, 2025**

Appellant, Defendant Keyhaid J. McGee, seeks review of the January 26, 2024 district court ruling, denying his motion to suppress evidence. Finding no abuse of discretion, we affirm the district court's ruling and Defendant's convictions and sentences.

**Procedural History**

In January 2022, the State filed an indictment charging Defendant with one count of conspiracy to commit armed robbery with a firearm, and 11 counts of armed robbery with a firearm in, violation of La. Rev. Stat. 14:(26)64.3 and 14:64.3, respectively.[1] He later filed an omnibus motion to, *inter alia*, suppress evidence and statements.

Defendant appeared for arraignment, entering pleas of not guilty on all counts. The State later filed an opposition to his omnibus motion to suppress, asserting the "motion alleges insufficient facts to justify a hearing or the granting of relief [pursuant

---

[1] Appellant was charged with three co-defendants—Larry Winbush, Ivory Grant, and Camron Bryant— on the same charges. Unlike Appellant, each of the co-defendants either pled guilty as charged, or pled guilty to amended charges.

1

to La. Code Crim. Proc. art. 703] as it contains no facts related to the above captioned case."

On August 24, 2023, the district court held a hearing on the motions to suppress evidence and statements and to determine probable cause. Defendant was represented by substitute counsel, who advised the Court at the commencement of the hearing that he did not "know enough about this case to participate in the hearing or give [Defendant] sufficient counsel." Nevertheless, the district court proceeded with the hearing in accordance with the co-defendants' wishes and over Defendant's objections. The district court denied the motion to suppress and found probable cause.

On January 26, 2024, Defendant filed a particularized motion to suppress evidence and statements, which the district court heard on the same day. The district court denied the motion to suppress evidence but granted the motion to suppress statements following oral argument. Both parties objected.

Eventually, Defendant entered a *Crosby* plea, pleading guilty as charged on all counts, but reserving his right to appeal the district court's denial of his motion to suppress evidence. *See State v. Crosby*, 338 So.2d 584 (La. 1976). He waived all sentencing delays. The district court imposed concurrent sentences of two years imprisonment at hard labor on count one, conspiracy to commit armed robbery with a firearm, and 15 years imprisonment at hard labor on each of the 11 counts of armed robbery with a firearm. This timely appeal followed.[2]

_____

[2] After the Defendant lodged this appeal, the State filed a motion to supplement the appellate record with the transcript of the motions hearing held on August 24, 2023, and Defendant's plea form, which this Court granted over Defendant's objection on January 15, 2025. The Clerk of Criminal District Court ("the Clerk") later complied with the order.

## Facts

At the January 26, 2024 suppression hearing, the sole witness to testify was Defendant's witness, New Orleans Police Department ("NOPD") Det. William Mullally.[3] Det. Mullally testified that in January 2022, he arrested and interviewed Defendant in the course of an armed robbery investigation of eight separate vehicles, including an Audi that had been tracked in real time to the one hundred block of North Johnson Street. Det. Mullally explained that the Audi's location on North Johnson Street was around the corner from 2108 Iberville Street, where Defendant and his co-defendants were later arrested following the issuance and execution of a search warrant.

Det. Mullally testified that another officer, Det. Matthew Connolly, "established surveillance on the vehicle [an Audi] and the surrounding area" from a block away, and reportedly observed four individuals, including one female, dressed in dark clothing, approaching the vehicle. Det. Mullally described that as the group approached the vehicle, a marked police unit drove up to the vehicle to prevent the group from entering and prompting a police pursuit of the individuals. Det. Mullally further related, "We forced them away from that Audi by the presence of the marked car and followed [the four individuals] to exactly where we knew they were going to go at 2108 Iberville Street." Det. Mullally further testified that the four individuals ran inside the residence at 2108 Iberville Street at the sight of the police vehicle.

Det. Mullally admitted that he did not speak to any of the individuals at that time, but he speculated that they had fled at the sight of the police unit. He testified that the officers requested that the occupants exit the residence, but to no avail. And therefore, multiple officers, including Det. Mullally, formed a perimeter around the residence. He

---

[3] The court minutes incorrectly list Det. Mullally as a state witness. The transcript reflects that he was the Defendant's witness.

testified that at that time, another officer at the scene, Det. Jeremy Wilcox, authored an affidavit ("the Affidavit") and requested a search warrant for 2108 Iberville Street residence, which was admitted into evidence as Defendant's Exhibit Two.

In the Affidavit, Det. Wilcox attested to the following: the place to be searched as "2108 Iberville street apt A and curtilage," with "blue siding with white trim," and a "red front door;" and a list of the things to be seized—firearms, ammunition, magazines, firearm receipts, firearm paraphernalia, vehicle keys, and black hoodies—that may have constituted evidence of armed robbery with the use of a firearm in violation of La. Rev. Stat. 14:64.3.[4] The warrant was sworn to and signed on January 15, 2022, at 9:13 p.m. Det. Mullally explained that he was unaware of how one of the subjects matched the description of the perpetrator.

On cross-examination, Det. Mullally testified that Defendant acknowledged his rights and agreed to waive them as evidenced by a signed Miranda waiver form. Det.

---

[4] Det. Wilcox set forth the following facts in support of probable cause:

> On 1/15/22 at approximately 5:25 pm [sic] an armed carjacking occurred in the 300 block of State Street.
>
> The victim was approached by an unknown black male armed with a silver handgun. The unknown subjects pointed the firearm at the victim and demanded her to exit her vehicle. The victim fled the vehicle along with her [redacted] daughter. The unknown subjects fled with the victim's 2018 Audi Q7 Louisiana license plate [redacted].
>
> Detectives were able to track the victim's vehicle via vehicle tracking services. The vehicle stopped at 129 N. Johnson street.
>
> Detectives conducted surveillance on the vehicle in front of 129 N. Johnson. Detective Matthew Connelly observed subjects approaching the victim's vehicle on foot, [o]ne of whom matched the description of the perpetrator. Upon seeing a marked New Orleans Police Department vehicle, the subjects fled into 2108 Iberville Street Apt A. Officers [i]mmediately surrounded the location. The subjects refused to exit the location.
>
> Detectives respectfully request a search warrant be granted for 2108 Iberville Street apartment A as they believe it will be of assistance to the furtherance of the investigation.

Mullally testified that Defendant resided at 2108 Iberville Street, and the search of the residence yielded the "key fobs to four vehicles taken during armed robberies," as well as "some clothing that was identified as being worn during the armed robbery," which also matched the description of that reportedly worn by the perpetrators.

On redirect examination, Det. Mullally testified that nobody alleged that Defendant possessed a firearm during the robberies. However, Det. Mullally stated,

> [Defendant] basically provided transport in one [of] the vehicles taken in an armed robbery to inevitably commit two more armed robberies, which established a very obvious pattern in a sixteen-hour period that started at 2 o'clock in the morning where one car was taken and then used in more and those cars were used in more and more and more until the very, very end when we tracked the Audi.

## Errors Patent

Our review of the record reveals that there are no errors patent.

## Assignments of Error

Defendant raises three assignments of error; however, the crux of his appeal is that the affidavit in support of the search warrant application lacked sufficient probable cause and was therefore invalid. Thus, the district court erred in denying his motion to suppress the evidence seized pursuant thereto. Defendant specifically asserts that the affidavit lacked probable cause that (a) any of the subjects who entered 2108 Iberville Street had committed a crime; (b) evidence of a crime would be located on the premises to be searched; and (c) the "information contained in the warrant affidavit [was credible]." We disagree.[5]

---

[5] Defendant did not file a particularized motion to suppress the evidence until the day of the hearing thereon. In doing so, the State was deprived of any meaningful notice of his claims, even after the State filed a timely opposition to his initial omnibus motion. Both parties argue whether this Court should consider the evidence the State introduced at the August 24, 2023 hearing as part of the appellate record notwithstanding the absence of Defendant's main trial counsel and non-participation of his substitute counsel. We find that reference to the evidence introduced at the August 24, 2023 hearing is unnecessary for a disposition in the instant case.

**Applicable Law**

Both the United States Constitution and the Louisiana Constitution protects

citizens against unreasonable searches and seizures:

> The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S Const. Amend. IV. Similarly, the Louisiana Constitution provides that "[e]very person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." La. Const. art. I § 5.

*State v. Anderson*, 06-1031, pp. 1-2 (La.App. 4 Cir. 1/17/07), 949 So.2d 544, 546.

The Fourth Amendment further sets forth the specific conditions required for

warrants to issue:

> . . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

> As the text makes clear, "the ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Brigham City v. Stuart*, 547 U.S. 398, 403, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006). Our cases have determined that "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, ... reasonableness generally requires the obtaining of a judicial warrant." *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 653, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995). Such a warrant ensures that the inferences to support a search are "drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States*, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

*Riley v. California*, 573 U.S. 373, 381-82, 134 S. Ct. 2473, 2482, 189 L. Ed. 2d 430

(2014). *See also* La. Const. Art. I § V.

6

A judge may issue a warrant authorizing the search for and seizure of anything within the territorial jurisdiction of the court which "[m]ay constitute evidence tending to prove the commission of an offense." La. Code Crim. Proc. art. 161(A)(3). A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts that establish the cause for the issuance of the warrant. La. Code Crim. Proc. art. 162. "Probable cause for the issuance of a search warrant is shown when the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and evidence may be found at the place to be searched." *State v. Turner*, 23-0730, p. 3 (La.App. 4 Cir. 12/8/23), 380 So.3d 607, 610 (quoting *State v. Cunningham*, 11-0886, p. 6 (La.App. 4 Cir. 3/21/12), 88 So.3d 1196, 1201). Proof of probable cause "must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *State v. Thompson*, 354 So.2d 513, 515 (La.1978) (internal citations omitted).

However, probable cause needed for the issuance of a search warrant does not require:

> certainties of proof beyond a reasonable doubt, or even a *prima facie* showing, but rather involves probabilities of human behavior as understood by persons trained in law enforcement and based on the totality of the circumstances. The affidavit need not eliminate all possible innocent explanations of the described behavior.

*State v. Williams*, 46,842, p. 11 (La.App. 2 Cir. 3/14/12), 87 So.3d 949, 957 [internal citations omitted].

For a valid search, an officer must show "a sufficient nexus between the items to be seized and the place to be searched." *United States v. McKinney*, 758 F.2d 1036,

1042 (5th Cir. 1985); *see also State v. Poree*, 406 So.2d 546, 547-48 (La. 1981). "Without direct observation, the appropriate connection may be manifested by the type of crime, the nature of the items sought, the extent of opportunity for concealment, and normal inferences as to where a criminal would be likely to hide the instrumentalities and fruits of the crime." *Poree*, 406 So.2d at 547 (La. 1981) (citing *United States v. Lucarz*, 430 F.2d 1051 (9th Cir. 1970)).

Accordingly, a neutral and detached magistrate must determine whether the "four corners" of the supporting affidavit contain reasonably trustworthy information sufficient to support a reasonable belief that a crime has been committed, and a fair probability that the evidence sought will be found in the place to be searched. *State v. Green*, 02-1022, p. 7 (La. 12/4/02), 831 So.2d 962, 968-69. This Court has further explained the procedure for reviewing affidavits:

> Reviewing courts should interpret the affidavit in a realistic and common sense fashion with an awareness that it is normally prepared by non-lawyer police officers in the midst and haste of a criminal investigation. Consequently, the task for a reviewing court is simply to insure [sic] that under the totality of the circumstances, the magistrate had a substantial basis for concluding probable cause to issue the warrant existed.

*Turner*, 23-0730, p. 4, 380 So.3d at 610 (internal citations omitted). Lastly, great deference must be given to an issuing magistrate's determination of probable cause for a search warrant. *Turner*, 23-0730, pp. 3-4, 380 So.3d at, 610 (quoting *Cunningham*, 11-0886, p. 6, 88 So.3d at 1201).

When evidence is seized pursuant to a search warrant, a defendant has the burden to prove the grounds of his or her motion to suppress evidence. La. Code Crim. Proc. art. 703(D). A district court's "findings of fact on a motion to suppress are reviewed under a clearly erroneous standard," whereas a district court's "determination of Fourth

8

Amendment reasonableness is reviewed *de novo*." *State v. Anderson,* 06-1031, p. 2 (La.App. 4 Cir. 1/17/07), 949 So.2d 544, 546 (quoting *State v. Pham*, 01-2199, p. 3 (La.App. 4 Cir. 1/22/03), 839 So.2d 214, 218). "Accordingly, on mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts *de novo*." *Id.*

**Analysis**

Defendant's sole argument to the district court—both in his particularized motion to suppress evidence and in his oral argument at the hearing—was that the Affidavit was insufficient to constitute probable cause because it only stated that a few black individuals "walked up to a car," and then "returned inside 2108(A) Iberville Street." Defendant misrepresents the content of the Affidavit and the circumstances leading up to the issuance of the warrant by ignoring the substance of the Affidavit upon which the magistrate relied in finding that there was probable cause.

The Affidavit states that police tracked a vehicle that was stolen at gunpoint to a specific residential block, and within a few hours of the robbery, police observed several individuals approach the parked stolen vehicle. The Affidavit did not merely provide that a few people *walked* near the stolen vehicle. Further, the Affidavit does not suggest that the subjects simply returned inside the residence. The Affidavit states that the individuals fled into 2108(A) Iberville Street upon the NOPD's arrival. *See State v. Morgan,* 09-2352, p. 9 (La. 3/15/11), 59 So.3d 403, 408-09 (quoting *State v. Benjamin*, 97-3065, p. 3 (La. 12/1/98), 722 So.2d 988, 989) (holding that "[A]lthough flight, alone, is insufficient to support a finding of reasonable suspicion, 'Given the highly suspicious nature of flight from a police officer, the amount of additional information required in order to provide officers a reasonable suspicion that an individual is engaged in criminal behavior is greatly lessened.'").

9

Det. Mullally's testimony also contradicts Defendant's characterization of his actions, and corroborates the content of the Affidavit. Both the Affidavit and Det. Mullally's testimony indicate that the Affidavit was drafted while the NOPD was in hot pursuit of the potential suspects of a string of armed car robberies, who fled into 2108(A) Iberville Street, mere hours after the latest robbery. *See Turner, supra.*

Under the unique facts of the matter *sub judice*, we find that the affidavit attached in support of the search warrant application provided sufficient probable cause that a crime had been committed, and that evidence of the crime could be located at 2108(A) Iberville Street. Interpreting the Affidavit in a realistic and common sense fashion—pursuant to *Turner*—and considering that Det. Wilcox was in the midst and haste of a criminal investigation, the magistrate had a substantial basis for concluding there was probable cause to issue the search warrant under the totality of the circumstances. Further, it was reasonable for a warrant to issue under the unique facts presented where the police tracked a stolen car and thereafter discovered a group of persons attempting to enter the stolen vehicle, thus indicating these individuals were involved in its theft.

Additionally, evidence seized pursuant to a search warrant, for which the accompanying affidavit was subsequently found to lack probable cause need not be suppressed if the officers executed the warrant under the good faith belief that it was validly issued. *State v. Horton*, 01-2529, p. 7 (La. 6/21/02), 820 So.2d 556, 561 (citing *United States v. Leon*, 468 U.S 897, 921-22, 104 S.Ct. 3405, 3419-20, 82 L.Ed.2d. 677 (1984)). Generally, the reasonableness of an officer acting pursuant to a warrant is presumed because "a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 468 U.S at 922, 104 S.Ct. at 3420. If an officer executing a search warrant has no reason to believe his conduct is unlawful because he reasonably relies on the magistrate's

10

judgment in making the probable cause determination, the exclusionary rule "cannot logically contribute to the deterrence of Fourth Amendment violations." *Leon*, 468 U.S. at 920-21, 104 S.Ct. at 3419. The exclusionary rule is not a "strict-liability regime." *Davis v. United States*, 564 U.S. 229, 240, 131 S.Ct. 2419, 2429, 180 L.Ed.2d 285 (2011).

Whether application of the exclusionary rule is justified requires "an assessment of the flagrancy of the police misconduct," and whether "the law enforcement officer had knowledge, or may be properly charged with knowledge, that the search was unconstitutional under the Fourth Amendment." *State v. McClendon*, 13-1454, p. 5 (La.App. 4 Cir. 1/30/14), 133 So.3d 239, 245 (quoting *Herring v. United States*, 555 U.S. 135, 143, 129 S.Ct. 695, 701-02, 172 L.Ed.2d 496 (2009)). In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is the appropriate remedy only where (1) the affiant misled the magistrate by including in the affidavit misleading statements which the affiant knew were false or would have known were false, except for reckless disregard for the truth; (2) the magistrate abandoned his neutral and detached role; (3) the affiant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) the warrant was deficient and could not be presumed valid. *State v. Horton*, 01-2529, p. 7 (La. 6/21/02), 820 So.2d 556, 561 (quoting *United States v. Leon*, 468 U.S. 897, 914-15, 104 S.Ct. 3405, 3405, 82 L.Ed.2d 677(1984)).

Defendant has not asserted that any of the *Leon* factors were violated. Accordingly, even if this Court determined that the Affidavit did not provide probable cause, Defendant failed to demonstrate the district court erred in denying his motion to

11

suppress the evidence because the NOPD officers appear to have acted in good faith when executing the warrant.[6]

We find that the district could did not abuse its vast discretion in denying Defendant's motion to suppress because the magistrate had a substantial basis to conclude that there was probable cause to issue the search warrant, the NOPD officers executed the warrant under the good faith belief that it was validly issued, and Defendant failed to establish that suppression is the appropriate remedy under the *Leon* factors.

## DECREE

For the reasons discussed above, the January 26, 2024 district court ruling and the Defendant's convictions and sentences for one count of conspiracy to commit armed robbery with a firearm, and 11 counts of armed robbery with a firearm, are affirmed.

**AFFIRMED**

---

[6] Defendant asserts in his appellant brief that the affidavit failed to assert facts showing that the information provided therein was credible. This argument is likewise meritless as a showing of credibility is generally applicable when information in an affidavit is sourced by an anonymous or confidential informant, unlike here where Det. Wilcox was the source of the information. *Illinois v. Gates*, 462 U.S. 213, 230-31, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983). *See also State v. Morris*, 444 So.2d 1200, 1203 (La. 1984) ("When the informant is a citizen who is either a witness or a victim of crime, their statements generally carry a presumption of inherent credibility.").